UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC EMANUEL TAYLOR,        ) | |
|         ) | |
|     Plaintiff.        ) | |
|         ) | Civil Action No. 1:24-cv-03515 (UNA) |
|         ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's untitled initiating submission, ECF No. 1, in which he, as far as it can be understood, seeks to "amend pleadings" in a case he previously filed in this District, *Taylor v. Trump*, No. 20-mc-00001 (UNA) (D.D.C. filed 1/12/20) ("*Taylor I*"), and in another matter he refers to only as "Certiorari #20-122." The remainder of his submission is incomprehensible, consisting of rambling ruminations, hypothetical questions, broad demands of myriad forms of relief, and vague recitations of myriad laws, statutes, and other legal authority. *See id*. at 1–15. Plaintiff has also filed a combined "motion to amend, motion to intervene, motion for preliminary injunction, motion for prejudgment remedy, motion for request for admission," ECF No. 3, which is substantially similar to his initial submission.

First, plaintiff has attempted to open a civil matter without filing an actual complaint, which he may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint[.]") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition[.]") (citing Fed. R. Civ. P. 3).

Second, plaintiff cannot, by and through new litigation, amend his pleadings in *Taylor I*. That matter was dismissed as frivolous on June 12, 2020, *see Taylor I* at Memorandum Opinion ("Mem. Op."), ECF No. 4; Order, ECF No. 5, and that determination was affirmed by the U.S. Court of Appeals for the D.C. Circuit on January 6, 2021, *see id.* at Mandate, ECF No. 10. And even if amending *Taylor I* at this juncture, and in this manner, were procedurally sound, which the court does not concede, plaintiff has failed to correct any of the noted deficiencies giving rise to dismissal in that case. *See* generally Mem. Op.

Third, it is unclear what "Certiorari #20-122" refers to, but in any event, the court assumes that it refers to a filing with the United States Supreme Court, and this court patently lacks jurisdiction to review or intervene in matters before the Supreme Court. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (holding that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Finally, insofar as plaintiff intended his initial submission in this matter to, in fact, serve as a complaint, it fails to comply with Federal Rule 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir.

2004). As here, when a submission "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's submission falls squarely into this category, wholly failing to give minimum notice of any cognizable claim or to establish this court's subject matter jurisdiction. It presents as a tangled mass of broad assertions, thus also contravening Federal Rules 8(a) and 10(b).

For the reasons above, this matter is dismissed without prejudice, and plaintiff's combined motion, ECF No. 3, is denied for the same reasons. An order consistent with this memorandum opinion is issued separately.

Date:   February 25, 2025                             _____/s/_____
                                                       RUDOLPH CONTRERAS
                                                       United States District Judge